**StaggWabnik LAW GROUP**

401 Franklin Avenue, Suite 300, Garden City, NY 11530
T 516.812.4550

331 Newman Springs Road, Building 1, 4th Floor, Suite 143, Red Bank, NJ 07701| T 732.784.1586  1111 Summer Street, 5th Floor, Stamford, CT 06905| T 203.967.4000

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/29/2024

April 19, 2024

VIA ECF
Honorable Mary Kay Vyskocil
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 2230
New York, NY 10007

    Re:    Gordon Noel v. The City of New York
               Docket No.: 1:23-cv-03082 - MKV

Dear Judge Vyskocil:

    We represent Plaintiff Gordon Noel ("Noel") in the above-referenced matter and write to discuss a discovery dispute for which Plaintiff seeks an extension of time to conduct discovery, the striking of Defendant's answer, or another remedy for which this Court deems fair and just. The issue pertains to Plaintiff's ability to depose Terrance Graham—the deputy warden at the center of Plaintiff's claim.

**Plaintiff's Position**

    Defendant City of New York, through the New York City Department of Correction ("DOC"), discharged Plaintiff in October 2022, claiming he was absent without leave in February 2022. However, Plaintiff alleged that he requested leave for the period in February 2022 to care for his seriously ill mother and that such leave was explicitly approved by Deputy Warden Terrance Graham; Plaintiff claims that his discharge was a violation of the Family and Medical Leave Act. Mr. Graham was Plaintiff's direct supervisor and was responsible for approving Mr. Noel's leave in February 2022. During discovery, Defense counsel provided an email from Mr. Graham acknowledging that he approved Mr. Noel's leave in February 2022—Plaintiff needs to depose Mr. Graham about that email as well as his involvement in Plaintiff's leave request and approval.

Honorable Mary Kay Vyskocil
April 19, 2024
Page 2

On January 4, 2024, Plaintiff informed the DOC that he intended to depose Mr. Graham and requested his availability. At that time, Defendant informed Plaintiff that Mr. Graham would be away for the entire month of March and would be returning to the DOC at the beginning of April and that he would call Defense counsel to let her know his date of availability. Based on that representation, Plaintiff sought to depose Mr. Graham prior to his leave. However, on January 26, 2024, Defendant informed Plaintiff that, although she had previously been in contact with Mr. Graham, he was no longer responding to her calls despite several attempts.

On February 1, 2024, Plaintiff contacted Defendant to schedule Mr. Graham's deposition. In response, on February 5, 2024, Defendant informed Plaintiff that Mr. Graham was not responding to her calls or emails so Plaintiff should subpoena Mr. Graham at his last known address. Defendant's counsel provided Plaintiff with the last known address for Mr. Graham of 2065 First Avenue Apt. #2B New York, NY 10029. Plaintiff agreed to serve a subpoena to expedite the process.

Plaintiff made four separate attempts to serve Mr. Graham at the address provided by Defendant on February 15, 2024, at 3:59 p.m., February 19, 2024, at 8:09 p.m., February 20, 2024, at 7:30 a.m., and February 22, 2024, at 8:30 p.m. All attempts were unsuccessful. Plaintiff informed Defendant of this development. Defendant represented that Mr. Graham was on leave during the month of March and that she would produce him when he returned from his leave.

On April 5, 2024, Plaintiff contacted Defendant about Mr. Graham's availability to conduct his deposition as his leave purportedly ended, but Plaintiff did not receive a reply. On April 10, 2024, Plaintiff contacted Defendant again, but she replied that she "has reached out a few times and has not heard from him."

On April 12, 2024, in a further attempt to meet and confer regarding Mr. Graham's deposition, Defendant disclosed for the first time that Mr. Graham had retired and was no longer employed by the DOC. Afterward, Plaintiff's counsel reached out to Mr. Noel in an attempt to ascertain Mr. Graham's address, but Plaintiff did not have any contact information for Mr. Graham.

Plaintiff learned, from its process server, on April 14, 2024, that the address Defendant previously provided to Plaintiff so he could serve the subpoena was incorrect and that Mr. Graham had not used that previously provided address in over four years. Given that Mr. Graham has retired, and Defendant is unwilling or unable to produce him for a deposition,

Honorable Mary Kay Vyskocil
April 19, 2024
Page 3

Plaintiff is now attempting to subpoena Mr. Graham at his most recent address, in the hopes of compelling his appearance for a deposition.

To this end, Plaintiff has made three attempts to serve Mr. Graham with a subpoena on April 16, 2024, at 6:15 am, April 17, 2024, at 7:45 pm and April 18, 2024, at 12:03 pm, all of which have been unsuccessful.

Mr. Graham, as a Deputy Warden, qualified as a managing agent pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure. As a Deputy Warden and employee of Defendant, Defendant at a minimum had the duty to produce Mr. Graham before he retired on April 5, 2024, disclose that he was no longer working for the DOC and provide an accurate last known address. Defendants failed to do that, which resulted in the situation described above.

Fed. R. Civ. P. 26(e) places an affirmative duty on an attorney to fully disclose and then supplement disclosure to his or her adversary. Defendant represented that Mr. Graham was still employed by the DOC and that it was going to produce him for deposition. In discussing the scheduling of Mr. Graham's deposition, Defendant proceeded in the vein that it controlled Mr. Graham and was going to produce him. When Defendant struggled to track down Mr. Graham, it provided Plaintiff with an incorrect address, which prevented Plaintiff from being able to subpoena him. It was not until early April that Defendant revealed to Plaintiff that Mr. Graham had retired.

The misrepresentations of Defendant regarding Mr. Graham's work status at the DOC and ability to produce him for deposition—as well as providing an inaccurate address--has resulted in a more than two month delay. Plaintiff was only informed on April 12, 2024, of Mr. Graham's retirement and only received an accurate address as of April 14, 2024. Therefore, to compel Mr. Graham to appear for a deposition, Plaintiff must now start the process of acquiring jurisdiction of Mr. Graham through a subpoena.

As a general matter, a corporation cannot be required to produce a former officer or agent for deposition since it does not have control over him. See, e.g., De Letelier v. Republic of Chile, 748 F.2d 790, 795 n.2 (2d Cir. 1984); Bon Air Hotel, Inc. v. Time, Inc., 376 F.2d 118, 121 (5th Cir. 1967), cert. denied, 393 U.S. 815, 21 L. Ed. 2d 179, 89 S. Ct. 225 (1968), Boss Mfg. Co. v. Hugo Boss AG, 1999 U.S. Dist. LEXIS 133, *6 (SDNY, 1999)

As per this court's March 21, 2024 order, discovery ends May 1, 2024. *(See Dkt. No. 45).* Plaintiff has been unable to depose Mr. Graham, a necessary witness, due to the misrepresentations made by Defendant. Plaintiff should not be penalized as a result of Defendant's conduct in failing to produce Mr. Graham for his deposition, failing to provide an accurate address, and failing to inform Plaintiff of Mr. Graham's retirement. Thus, unless this court sees fit to extend fact discovery in the interests of justice to allow Plaintiff to subpoena Mr.

Graham and conduct his deposition, Plaintiff respectfully requests that the Court sanction Defendant by striking its answer or issuing a different sanction to penalize Defendant for preventing Plaintiff from conducting Mr. Graham's deposition.

**Plaintiff's Tax Returns**

To compel the disclosure of income tax returns, a two-part test must be satisfied: (1) the returns must be relevant to the subject matter of the action, and (2) there must be a compelling need for the returns because the information is not "otherwise readily obtainable." United States v. Bonanno Family of La Cosa Nostra, 119 F.R.D. 625, 627 (E.D.N.Y. 1988).

Plaintiff testified at his deposition that he has not been employed since his termination from the DOC; all of Plaintiff's income information is readily obtainable from defendant City's own records. Regardless, Plaintiff will agree to provide any W2s he has received and that have been and are currently in his possession for the last five years.

**Defendant's Position**

In or about January 2024, Plaintiff inquired about Mr. Graham's availability for a deposition, Deposition told Plaintiff that Mr. Graham was on leave from the DOC and not at work at any DOC facility. So Mr. Graham was not within Defendant's control. As a courtesy, however, Defendant told Plaintiff that it would contact Mr. Graham about his availability for a deposition. Defendant never made any representation or assurances about its ability to produce Mr. Graham. During our phone call on April 12, 2024, I explained to Plaintiff's counsel that despite my repeated efforts to contact him to ascertain his availability for a deposition, Mr. Graham had not responded to my calls or emails. As an alternative, I proposed to Plaintiff's counsel that he might explore having the Plaintiff contact Mr. Graham because my understanding is that they are on amicable terms. It is no surprise that now, Plaintiff has Mr. Graham's correct address.

Now, Plaintiff seeks an extreme (and unwarranted) sanction of striking Defendant's answer based on his own mistaken belief about the voluntary efforts Defendant agreed to undertake to facilitate the deposition of Mr. Graham. As Defendant has explained to Plaintiff, Defendant has consistently made efforts to reach out to Mr. Graham by emails and phone calls, to no avail. Mr. Graham retired from the DOC effective April 4, 2024. Before then, Mr. Graham was on separation leave from the DOC beginning March 8, 2023. Defendant has been fully cooperative in the case thus far and sees no legal or factual basis for its Answer to be stricken or for Defendant to be penalized with any sanction whatsoever. Moreover, to the extent that Mr. Graham was under Defendant's control and Defendant was unable to procure Mr. Graham's appearance for deposition, Plaintiff has not and cannot show that such actions were in any way willful or show that Defendant has somehow defied a court order. So this Court should

Honorable Mary Kay Vyskocil
April 19, 2024
Page 5

deny his application for Defendant's Answer to be stricken or for any sanction. <u>United States v. N.Y. City Transit Auth.</u>, Nos. CV 2004-4237 (SLT) (MDG), 03-CV-02139-SLT-MDG, 04-CV-02294-SLT-MDG, 04-CV-02331-SLT-MDG, 05-CV-03341-SLT-MDG, 05-CV-05477-SLT-MDG, 2006 U.S. Dist. LEXIS 21110, *5 (E.D.N.Y. Apr. 19, 2006) ("Although severe, it is within a court's discretion to strike pleadings and enter a default judgment, or to dismiss an action where the violations in question are willful…'preclusion of evidence and dismissal of [an] action are harsh remedies [that] should be imposed only in rare situations,' and the court should proceed cautiously before imposing such severe sanctions.").

Defendant has also requested Plaintiff's tax returns for the past five years in its most recent supplemental demand. Plaintiff has refused to turn over his tax returns, which are necessary here since Plaintiff is seeking damages for lost earnings. See Libaire v. Kaplan, 760 F. Supp. 2d 288, 294-295 (E.D.N.Y. 2011) ("Tax returns are considered relevant to the subject matter of an action when a party's income may be used to calculate damages . . . or where the tax returns are reasonable expected to contain information concerning sources and amounts of income and related financial information.) Defendant has met and conferred with Plaintiff regarding this issue and Plaintiff's counsel indicated that Plaintiff will not be turning over his tax returns as there other means by which Defendants can determine how much Plaintiff has been earning. Defendants anticipate filing a motion to compel for the Plaintiff to produce his tax returns for the past 5 years.

Very truly yours,

*Scott William Clark*

Scott Clark

SWC:ael

> **Plaintiff's motion to strike Defendant's answer and Plaintiff's request for sanctions are DENIED. Plaintiff does not appear to have acted as diligently as he should have with respect to deposing an individual who does not appear to be within Defendant's control. Notwithstanding, Plaintiff's request for a discovery extension is GRANTED. Fact discovery shall be completed no later than June 15, 2024. No further extensions shall be granted absent extraordinary circumstances.**
>
> **IT IS FURTHER ORDERED that the post-discovery conference scheduled for May 9, 2024 is hereby adjourned to June 18, 2024 and 10:30 AM. One week before the conference, the parties shall submit a joint status letter including the information detailed at ECF No. 38. SO ORDERED.**
>
> Date: 4/29/2024
> New York, New York
>
> *Mary Kay Vyskocil*
> Mary Kay Vyskocil
> United States District Judge