

```
                                                      USDC SDNY
                                                      DOCUMENT
                                                      ELECTRONICALLY FILED
                                                      DOC #:_____
                                                      DATE FILED: 5/16/2024
```

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KAREN K. RHAU**
Labor and Employment Law Division
phone: (212) 356-2475
email: krhau@law.nyc.gov

May 13, 2024

**Via ECF**
Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

      Re: <u>Gordon Noel v. The City of New York et al.</u>
          Civil Action No.: 23-cv- 03082 (MKV)

Dear Judge Vyskocil:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for the Defendant, The City of New York. In accordance with Your Honor's Individual Rules, I write to request that this Court schedule a pre-motion conference concerning Defendant's anticipated motion to compel Plaintiff's tax returns for 2018-2023  The current fact discovery deadline is June 15, 2024. This case is scheduled for a post-discovery conference on June 18, 2024.

      Plaintiff, a former Correction Officer, brings this action pursuant to the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601, et seq., and the Due Process Clauses under the Fifth Amendment and the Fourteenth Amendment of the United States Constitution. <u>See</u> ECF. Dkt. No. 24. Specifically, Plaintiff alleges that his October 2022 termination from employment with the Department of Corrections violated his rights under the FMLA, constituted FMLA retaliation, and violated his procedural due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. <u>Id.</u> Based on these claims Plaintiff seeks damages for, among other things, lost earnings in back pay and front pay.

      On January 31, 2024, Defendant served a supplemental request for documents, seeking, among other things Plaintiff's tax returns from 2018-2023. On March 27, 2024, Plaintiff objected to the production of his tax returns on the grounds that the demand was "overbroad and unduly burdensome." On April 12, 2024, the parties met and conferred about Plaintiff's objection to the tax return document request. In the meet and confer, Defendant explained the relevancy of the materials to this case and inquired about the basis for Plaintiff's objections to a document request for five years of tax returns, as there is no dispute that these documents are in Plaintiff's custody and that the request itself was neither overbroad nor unduly burdensome. Plaintiff's counsel merely responded that Plaintiff will not produce his tax returns

because there are "other means" by which Defendant can determine how much Plaintiff has been earning, without identifying why it would be less burdensome than seeking from them from Plaintiff.  Even if Defendant's request for production of only five years' worth of Plaintiff's own tax returns is unduly burdensome for Plaintiff, Defendant is amenable to obtaining these records directly from the Internal Revenue Service ("IRS").  On May 10, 2024, the parties met and conferred about whether Plaintiff would be willing to complete a copy of the IRS Form 4506 so that Defendant can obtain the tax returns.  However, Plaintiff, has refused to execute a copy of IRS Form 4506.

On April 19, 2024, Plaintiff filed a letter motion requesting an extension to complete discovery.  See ECF Dkt. No. 47.  This Court granted Plaintiff's request for an extension.  See ECF Dkt. No. 48.  In that letter, Defendant advised the Court that Defendant requested Plaintiff's tax returns, however Plaintiff has refused their production.

As Defendant will explain in greater detail in their anticipated motion to compel, the requisites for a motion to compel tax returns are met here. See Hawkins v. Med Approach Holdings, L.P., 326 F.R.D. 391, 393 (S.D.N.Y. 2018) ("party seeking to compel production of tax returns in civil cases must meet a two-part test: first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.") (internal quotation marks and citation omitted).  First, Plaintiff's tax returns are highly relevant here since Plaintiff seeks damages for lost earnings.  See Libaire v. Kaplan, 760 F. Supp. 2d 288, 294-295 (E.D.N.Y. 2011) ("Tax returns are considered relevant to the subject matter of an action when a party's income may be used to calculate damages . . . or where the tax returns are reasonable expected to contain information concerning sources and amounts of income and related financial information.")  Plaintiff's tax returns are also relevant to the issue of whether he has mitigated his damages after his termination.  See Michelman v. Ricoh Ams. Corp., No. 11-CV-3633, 2013 U.S. Dist. LEXIS 25143, at *7 (E.D.N.Y. Feb. 22, 2013) (Plaintiff's tax returns are relevant to her claim for backpay and to mitigation of damages.).  Second, Plaintiff has not demonstrated that there are alternative sources for the information.  Hawkins, 326 F.R.D. at 394 ("While the party seeking discovery of the tax returns bears the burden of establishing relevance, the party resisting disclosure should bear the burden of establishing alternative sources for the information.") (internal quotation marks and citation omitted).

Accordingly, Defendant respectfully requests that this Court schedule a pre-motion conference to discuss Defendant's anticipated motion to compel Plaintiff to produce his 2018 – 2023 tax returns.

Respectfully submitted,

/s/ Karen K. Rhau

                                                                         Karen K. Rhau
                                                                         Assistant Corporation Counsel

cc:    Scott W. Clark, Esq. & David R. Ehrlich, Esq. (By ECF)
        Stagg Wabnik Law Group
        Attorneys for Plaintiff
        401 Franklin Avenue, Suite 300
        Garden City, New York 11530
        516-812-4570
        sclark@staggwabnik.com
        dehrlich@staggwabnik.com

> **Defendant has not, at this point, made any kind of showing that it is entitled to every aspect of Plaintiff's tax returns. Defendant has failed to make even a *prima facie* showing that Plaintiff's W-2 forms and other evidence of post-termination employment is insufficient to support its evidentiary burden with respect to Plaintiff's mitigation of damages or any other claim and/or affirmative defense in this case. As such, Defendant's request for a pre-motion conference concerning Defendant's anticipated motion to compel is DENIED without prejudice of renewal. Plaintiff shall, however, produce his W-2 forms from the past 5 years to Defendant on or before May 28, 2024. The Clerk of Court is respectfully requested to terminate docket entry numbers 49 and 50. SO ORDERED.**
>
> Date: 5/16/2024                          /s/ Mary Kay Vyskocil
> New York, New York              Mary Kay Vyskocil
>                                     United States District Judge