

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 6/5/2024

401 Franklin Avenue, Suite 300, Garden City, NY 11530
T 516.812.4550

331 Newman Springs Road, Building 1, 4th Floor, Suite 143, Red Bank, NJ 07701| T 732.784.1586
1111 Summer Street, 5th Floor, Stamford, CT 06905| T 203.967.4000

May 31, 2024

VIA ECF
Honorable Mary Kay Vyskocil
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 2230
New York, NY 10007

> Re:     Gordon Noel v. The City of New York
>         Docket No.: 1:23-cv-03082 - MKV

Dear Judge Vyskocil:

We represent Plaintiff Gordon Noel ("Noel") in the above-referenced matter and write to seek leave pursuant to rule 45 of the Federal Rules of Civil Procedure to authorize alternative service by certified mail for non-party witness Terrance Graham and an extension of time to complete fact discovery from June 15, 2024 to July 19, 2024 to complete the deposition of Terrance Graham.

As set forth in ECF Document 47, Plaintiff has sought to depose Terrance Graham, the Deputy Warden who approved Plaintiff's leave of absence. Defendant discharged Plaintiff claiming that his leave was not approved, thus making Mr. Graham a key witness in the case. Plaintiff requested Mr. Graham's availability from Defendant on January 4, 2024, when Mr. Graham was an employee of Defendant and Defendant was in control of Mr. Graham. Defendant failed to produce Mr. Graham, claiming that he was not responding to their calls or emails. Defendant later took the position that Mr. Graham was on a leave, and that because he was on a leave, it had no control of him and did not have the power to produce him.

Plaintiff attempted to take the matter into his own hands and requested Mr. Graham's last known address in February 2024 so he can subpoena him. Defendant provided Plaintiff with an incorrect address and therefore Plaintiff was unsuccessful in serving Mr. Graham. Defendant then informed Plaintiff that Mr. Graham was on leave during the month of March, and would

Honorable Mary Kay Vyskocil
April 19, 2024
Page 2

contact him upon his return.  However, when Mr. Graham returned in April 2024, Defendant claimed Mr. Graham had retired and that it no longer had control over him.

Plaintiff then had to conduct a Department of Motor Vehicle inquiry to find Mr. Graham's address, and tried to serve him on three occasions in mid-April 2024: April 16, 2024, at 6:15 a.m., April 17, 2024, at 7:45 p.m. and April 18, 2024, at 12:03 p.m.  Plaintiff was unsuccessful. Given that the discovery deadline in this case was approaching, Plaintiff applied for an extension of discovery from this Court in order to serve and depose Mr. Graham.  This Court granted Plaintiff's request to June 15, 2024.

Shortly thereafter, Plaintiff learned that Mr. Graham was on a cruise and would not return until May 10, 2024. After Mr. Graham returned from his vacation, Plaintiff made two further attempts to serve Mr. Grahm on May 15, 2024, at 4:56 pm and May 21, 2024, at 7:53 a.m.

The entrance to Mr. Graham's apartment building is locked and our process server cannot gain entry without first attempting to contact Mr. Graham through his intercom system and asking Mr. Graham's permission to enter the building.  Every time our process server attempted to serve Mr. Graham, Mr. Graham deliberately evaded service by informing our process server that no one by that name lived at the current address and refused our server admission to the building.

In light of Mr. Graham's attempts to evade our process server, Plaintiff's counsel reached out to Defense counsel on May 23, 2024, to request a photograph of Mr. Graham so our process server may identify him and serve him outside of his home.  Defense counsel replied that they would not provide a photo of Mr. Graham without an order from this court.

As a result of the impediments preventing Plaintiff from serving Mr. Graham with a subpoena for his deposition, Plaintiff respectfuly requests the issuance of an order from this Court to direct Defendant to provide Plaintiff with a photograph of Mr. Graham and leave of this Court, pursuant to Rule 45 of the FRCP, so it may serve Mr. Graham by an alternative means of service, namely certified mail.

The requested order for Defendant to provide a photograph of Mr. Graham is necessary to allow Plaintiff's process server to serve Mr. Graham outside of his apartment complex, as he is currently evading service.

In addition, alternative service by means of certified mail reasonably ensures actual receipt of the subpoena by the witness, meets the "delivery" requirement of Rule 45, and Graham will be provided with fair and timely notice of his obligation to appear at a deposition. *See Cordius Trust v. Kummerfeld*, 1999 U.S. Dist. LEXIS 19980, *6 (SDNY, 2000) (Further, service by certified mail comports with due process as it is reasonably calculated under the circumstances to provide Kummerfeld with both notice and an opportunity to present objections)

Honorable Mary Kay Vyskocil
April 19, 2024
Page 3

See also *S.E.C. v. Tome, 833 F.2d 1086, 1093 (2d Cir. 1987)* (citing *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950)*).

In addition, because of the history stated above which has prevented and continues to prevent Plaintiff from serving Mr. Graham with the subpoena for his deposition, and pursuant to Your Honor's rules, Plaintiff respectfully requests an extension of fact discovery from June 15, 2024, until July 19, 2024, to allow Plaintiff to serve the subpoena through the requested alternative service and depose Mr. Graham. Defendants consent to the request to extend discovery.

Very truly yours,

Scott Clark

**The Court again reiterates that Plaintiff does not appear to have acted as diligently as he should have with respect to deposing an individual who does not appear to be within Defendant's control, and an individual whom Plaintiff did not even attempt to serve with a subpoena until *after* the original discovery deadline.  Notwithstanding, Plaintiff's fourth request for a discovery extension to serve and depose Mr. Graham is GRANTED until July 19, 2024.  No further extensions will be granted.**

**IT IS FURTHER ORDERED that Plaintiff's request for an order directing Defendants to provide a photograph of Mr. Graham is DENIED.  Plaintiff is, however, GRANTED leave, pursuant to Rule 45 of the FRCP, to attempt to serve Mr. Graham by alternative means of service, namely certified mail.**

**IT IS FURTHER ORDERED that the post-discovery conference scheduled for June 18, 2024 is hereby ADJOURNED to July 31, 2024 at 11:00 AM. One week before the conference, the parties shall submit a joint status letter including the information detailed at ECF No. 38. SO ORDERED.**

Date: 6/5/2024
New York, New York

Mary Kay Vyskocil
United States District Judge